1  David J. McGlothlin, Esq. (SBN 026059)
   david@southwestlitigation.com
2  **Hyde & Swigart**
   2633 E. Indian School Road, Ste. 460
3  Phoenix, AZ 85016
   Telephone: (602) 265-3332
4  Facsimile:  (602) 230-4482

5  Ryan L. McBride, Esq. (SBN 032001)
   ryan@kazlg.com
6  **Kazerouni Law Group, APC**
   2633 E. Indian School Road, Ste. 460
7  Phoenix, AZ 85016
   Telephone: (800) 400-6808
8  Facsimile:  (800) 520-5523

9
   *Attorneys for Plaintiff*
10

11              **UNITED STATES DISTRICT COURT**
                   **DISTRICT OF ARIZONA**
12

13 **Jill L. Gruler,**                     )   **Case No.:**
                                           )
14                                         )
              Plaintiff,                   )   **COMPLAINT FOR DAMAGES**
15                                         )   **PURSUANT TO THE FAIR CREDIT**
                                           )   **REPORTING ACT, 15 U.S.C. § 1681,**
16            v.                           )   **ET SEQ.**
                                           )
17 **Arizona Federal Credit Union,**       )
   **Wells Fargo Bank, N.A., and**         )
18 **Experian Information Solutions,**      )   **JURY TRIAL DEMANDED**
   **Inc.,**                               )
19                                         )
                                           )
20                                         )
              Defendants.                  )
21                                         )
                                           )
22                                         )
                                           )
23                                         )
                                           )
24

25

26                        **INTRODUCTION**

27   1.  The United States Congress has found the banking system is dependent upon

28       fair and accurate credit reporting.  Inaccurate credit reports directly impair

     _____
     **COMPLAINT**                          1

the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. JILL L. GRULER ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of ARIZONA FEDERAL CREDIT UNION ("AFCU"), WELLS FARGO BANK, N.A. ("Wells Fargo"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. §1367.

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. §1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendants are subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. §1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant AFCU is a company doing business in the State of Arizona.

13. Defendant Wells Fargo is a corporation doing business in the State of Arizona.

14. Defendant Experian is a corporation doing business in the State of Arizona.

15. Defendants AFCU and Wells Fargo are furnishers of information as contemplated by 15 U.S.C. §1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

16. Defendant Experian is a national credit reporting agency, doing business in Arizona, with a principal place of business in Ohio.

## GENERAL ALLEGATIONS

17. At all times relevant, Plaintiff was an individual residing within the State of Arizona.

18. At all times relevant, Defendants conducted business in the State of Arizona.

19. On or about January 26, 2010, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the District of Arizona. Plaintiff's case was assigned Case Number 2:10-bk-01908-GBN (the "Bankruptcy").

20. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.

21. On or about September 6, 2011, Plaintiff received a Bankruptcy discharge.

22. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

23. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

24. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

25. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

26. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

27. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

**Arizona Federal Credit Union Misreported Credit Information**

28. In an Experian credit report dated May 21, 2015, AFCU reported the following inaccurate, derogatory information:

- Account No. 7211****:    Post-bankruptcy information for the following dates: February 2010 (30 days past due); March 2010 (60 days past due); April 2010 (90 days past due); May 2010 (90 days past due); June 2010 (120 days past due); July 2010, August 2010 (Charge off).

29. AFCU should not have reported derogatory information on Plaintiff's account after January 26, 2010, because Plaintiff filed for Bankruptcy on January 26, 2010.

30. On or about June 3, 2015, Plaintiff disputed AFCU's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by AFCU.

31. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 01/26/2010 and discharged 09/06/2011, bearing case No.

2:10-bk-01908-GBN in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: February 2010 (30 days past due); March 2010 (60 days past due); April 2010 (90 days past due); May 2010 (90 days past due); June 2010 (120 days past due); July 2010, August 2010 (Charge off).

32. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from my credit report.
- The discharged debt should be reported with an account balance of $0 with a status of "current".
- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 01/26/2010, since a default on this account occurred no later than the Bankruptcy filing date.
- Any post-bankruptcy derogatory information should be immediately deleted from my report.
- If you do not immediately delete this from my credit report, please include a 100 word statement in my credit report of all of the disputed information contained in this letter regarding this account.

33. Upon information and belief, Experian timely notified AFCU of Plaintiff's dispute, but AFCU continued reporting derogatory information.

34. AFCU and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

35. On or about June 25, 2015, Plaintiff received notification from Experian that AFCU and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. §1681i(a)(6), and Defendants verified some of the disputed account information and/or failed to address all of the inaccurate information disputed by Plaintiff.

36. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, AFCU and Experian simply left derogatory information on Plaintiff's report.  Specifically, AFCU and Experian reported the following inaccurate, derogatory information:

- Account #7211****: Post-bankruptcy information for the following dates: March 2010 (30 days past due); April 2010 (Account 60 days past due); May 2010-June 2010 (90 days past due); July 2010 (Account 120 days past due); August 2010-September 2010 (Charge off).

37. AFCU and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. §1681s-2(b)(1)(A).

38. AFCU and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

39. Due to AFCU and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

40. Plaintiff's continued efforts to correct AFCU and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with AFCU and Experian were fruitless.

41. AFCU and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

42. AFCU and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, AFCU and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### Wells Fargo Bank, N.A. Misreported Credit Information

43. In an Experian credit report dated May 21, 2015, Wells Fargo reported the following inaccurate, derogatory information:

   • Account No. 708014832****:  Post-bankruptcy information for the following dates:  January 2010 (Foreclosure proceedings started); February 2010-March 2010 (Account 150 days past due); April 2010-August 2010 (Account 180 days past due); September 2010 (Account 120 days past due).

44. Wells Fargo should not have reported derogatory information on Plaintiff's account after January 26, 2010, because Plaintiff filed for Bankruptcy on January 26, 2010.

45. On or about June 3, 2015, Plaintiff disputed Wells Fargo's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Wells Fargo.

46. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

   • This account was discharged in my Bankruptcy which was filed on 01/26/2010 and discharged 09/06/2011, bearing case No. 2:10-bk-01908-GBN in the District for Arizona.  There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: February 2010-March 2010 (150 days past due); April 2010-August 2010 (180 days past due); September 2010 (120 days past due).

47. The Experian Dispute Letter further requested that Experian:

> • Immediately delete this account and the disputed derogatory information from my credit report.
> • The discharged debt should be reported with an account balance of $0 with a status of "current".
> • Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 01/26/2010, since a default on this account occurred no later than the Bankruptcy filing date.
> • Any post-bankruptcy derogatory information should be immediately deleted from my report.
> • If you do not immediately delete this from my credit report, please include a 100 word statement in my credit report of all of the disputed information contained in this letter regarding this account.

48. Upon information and belief, Experian timely notified Wells Fargo of Plaintiff's dispute, but Wells Fargo continued reporting derogatory information.

49. Wells Fargo and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

50. On or about June 25, 2015, Plaintiff received notification from Experian that Wells Fargo and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. §1681i(a)(6), and Defendants verified some of the disputed account information and/or failed to address all of the inaccurate information disputed by Plaintiff.

51. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Wells Fargo and Experian simply left derogatory information on Plaintiff's report.  Specifically, Wells Fargo and Experian reported the following inaccurate, derogatory information:

- Account #708014832****: Post-bankruptcy information for the following dates: February 2010-April 2011, July 2011 (Account 30 days past due); May 2011-June 2011 (Account 60 days past due); August 2011 (Foreclosed).

52. Wells Fargo and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. §1681s-2(b)(1)(A).

53. Wells Fargo and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

54. Due to Wells Fargo and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

55. Plaintiff's continued efforts to correct Wells Fargo and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Wells Fargo and Experian were fruitless.

56. Wells Fargo and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

57. Wells Fargo and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Wells Fargo and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681 *ET SEQ.* (FCRA)**

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

60. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

61. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681 ET SEQ. (FCRA)**

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

### TRIAL BY JURY

62. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 16, 2015                                        Respectfully submitted,

                                             BY: /s/ DAVID J. MCGLOTHLIN_____
                                                  DAVID J. MCGLOTHLIN, ESQ.
                                                  ATTORNEY FOR PLAINTIFF

COMPLAINT                              12